

800 Maine Ave., SW
Ste. 200
Washington, DC
20004

Tel 310.826.7474
Fax 310.826.6991
www.raklaw.com

Robert J. Gajarsa
rgajarsa@raklaw.com

April 29, 2022

**Via ECF**

Mr. Peter R. Marksteiner
Circuit Executive & Clerk of the Court
717 Madison Place, N.W.
Washington D.C. 20439

      Re: <u>Response Requested By Court's April 4, 2022 Order (ECF No. 31) In Appeal Nos. 2022-1316, 2022-1367, ThermoLife International LLC v. Human Power of N Company</u>

Dear Mr. Marksteiner:

    As principal counsel for Appellant ThermoLife International LLC ("ThermoLife") in the above-noted appeal, I write as directed by the Court's April 4, 2022 Order (ECF No. 31) to provide ThermoLife's position on how these appeals should proceed now that the district court dissolved the injunctive order on appeal after limited remand (District Court Dkt. ("Dkt.") No. 121). ThermoLife respectfully submits that: (i) clarification of this Court's April 4 Order may be needed to determine how these appeals should proceed, or (ii) the Court should proceed with these appeals in ordinary course because the issue presented is still live and reviewable.

    Following this Court's limited remand, Appellee Human Power of N Company ("HumanN") filed a renewed opposed motion to dissolve the "TRO" order on April 12, making ThermoLife's response due on April 26. *See* District Court Dkt. ("Dkt.") No. 116. The district court did not wait to hear ThermoLife's opposition, however, and quickly decided to dissolve the injunctive order just three days later after reasoning that "the Federal Circuit remanded for th[e] purpose" of "dissolv[ing] the TRO." Dkt. No. 121 at 1 (signed April 15; entered April 18). But this Court granted a limited remand only "to the extent" needed for "the district court to consider any motion to dissolve the restraining order." ECF No. 31 at 2. The "purpose" of that remand was just that—to allow the district court to "consider" any motion. There was no implicit direction to the district court that the Court's purpose for the remand was to dissolve the order on appeal. Nor was there any associated direction to do so outside the ordinary process without providing ThermoLife an opportunity to respond. And the consideration this Court ordered was important. There were critical factual disputes that arose after the district court's Rule 62.1 Order that needed to be considered by the district court in the first instance, including how HumanN backed out of its promise to not pursue permanent injunctive relief against UPNEs, which was the primary basis of the district court's Order. *See, e.g.*, ECF No. 30 at 1. Clarifying the intent and requirements of this Court's April 4 Order is thus likely necessary to determine how best to proceed in this appeal (and potentially before the district court).

    If the Court determines such clarity is not needed, though, these appeals should proceed in ordinary course. There remains a live controversy after dissolution of the current injunctive order. ThermoLife suffered irreparable harm from that injunction (*see* ECF No.



4 at 18), and HumanN is not just threatening to cause the same harm again—it is currently seeking the same injunction relief in its counterclaim that it has refused to dismiss. *See* ECF No. 26 at 4, 18; ECF No. 30 at 1; Counterclaim Count VII, Dkt. No. 10, at 24-25 (seeking preliminary and permanent injunctive relief materially identical to that awarded in the "TRO" order based only a showing of irreparable harm). The repeated short-term "TRO" injunctions in this case, along with HumanN's ongoing pursuit of identical injunctive relief, has thus harmed ThermoLife, continues to harm ThermoLife (including by chilling its free speech), and will likely reoccur.

The issues presented on appeal also remain independently reviewable because they have clear collateral consequences to the parties' ongoing disputes and are clearly capable of repetition while avoiding effective review. *See, e.g., S. Pac. Terminal Co. v. Interstate Com. Comm'n*, 219 U.S. 498, 515 (1911); *Comcast Corp. v. Int'l Trade Comm'n*, 951 F.3d 1301, 1306-07 (Fed. Cir. 2020); *United Steel Paper & Forestry Rubber Mfg. v. Virgin Islands*, 842 F.3d 201, 208-10 (3d Cir. 2016). Indeed, if these appeals were not to proceed, then three identical "TRO" preliminary injunctions in this case will have avoided appellate review despite their clear harm to ThermoLife. Amazon also stated that the intent to pause the UPNE talks exists only "[a]t present." ECF 28, Ex. B at 1. And, as discussed, the parties continue to litigate the exact same injunctive issue under HumanN's counterclaim for identical preliminary and permanent injunctive relief. *See* ECF No. 26 at 4, 18; Counterclaim Count VII, Dkt. No. 10, at 24-25. There would be nothing advisory about the Court's opinions in these appeals, and they warrant the Court's attention.

In addition, jurisdiction over these appeals is clear. As this Court already held, the purported "TRO" here must be "treated as a preliminary injunction" for purposes of immediate appeal under 28 U.S.C. § 1292(a)(1). ECF No. 19 at 2. That alone provides a clear basis for jurisdiction. But in addition, orders dissolving a preliminary injunction (as the "TRO" must be treated here for appeal purposes) are likewise expressly appealable under § 1292(a)(1), and ThermoLife plans to timely amend its notices of appeal to include the district court's dissolution order if the Court declines to provide the clarification requested above.

At minimum, the complex issues presented by these appeals should warrant fulsome briefing and argument in ordinary course and careful consideration to decide if they should be reviewed and whether the district court's dissolution order should be vacated and the injunctive "TRO" reversed on the merits.

                                                          Respectfully submitted,

                                                          Robert J. Gajarsa

cc:     Counsel of Record via ECF